UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| TOYOTA JIDOSHA KABUSHIKI KAISHA, also doing business as TOYOTA MOTOR CORPORATION, and TOYOTA MOTOR SALES, U.S.A., INC.,<br><br>　　　Plaintiffs,<br><br>v.<br><br>PARTSITES, LLC and SCOTT ANDERSON,<br><br>　　　Defendants/Third-Party Plaintiffs<br><br>v.<br><br>JOSEPH AIRPORT TOYOTA; SUBRUBAN TOYOTA,<br><br>　　　Third-Party Defendants. | Case No.: 4:18-cv-00908 |

## THIRD PARTY COMPLAINT[1]

Third-Party Plaintiff, Partsites, LLC ("Partsites"), through counsel and pursuant to the Federal Rules of Civil Procedure, the Eastern District of Texas Local Rules, and this Court's May 22, 2019 Order (Doc. 33), hereby files this third-party complaint against Third-Party Defendants Joseph Airport Toyota and Suburban Toyota (collectively, the "Dealers"), and states:

1. This is an action for indemnity based upon contract.

2. Third-Party Plaintiff, Partsites, is a Florida limited liability company with a principal address at 175 SW 7th Street, #2105, Miami, Florida 33130.

---

[1] Partsites is filing this third-party complaint pursuant to an order of this Court. This third-party complaint does not in any way constitute a waiver of Partsites' jurisdictional arguments or any other arguments made in Defendants' Motion to Dismiss, which arguments are maintained.

3. Third-Party Defendant Joseph Airport Toyota has a principal address at 1180 W National Road, Vandalia, Ohio 45377.

4. Third-Party Defendant Suburban Toyota has a principal address at 35200 Grand River Avenue, Farmington Hills, Michigan 48335.

5. This Court has subject matter jurisdiction over this third-party complaint pursuant to 28 U.S.C. § 1367 as the claims raised in this third-party complaint are related to the claims in the original action that enjoys original jurisdiction in this Court.  More specifically, the indemnity asserted herein is triggered by the Complaint filed by Plaintiffs against Partsites.

6. This Court has personal jurisdiction over all third-party defendants as, upon information and belief, all of the third-party defendants have entered into binding agreements with Plaintiff Toyota Motor Sales, U.S.A., Inc., which is domiciled in this District.  Moreover, upon information and belief, the binding agreements between third-party defendants and Toyota Motor Sales, U.S.A., Inc. call for at least partial performance in the Eastern District of Texas.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 as the indemnity claims asserted herein arise from a civil action brought in this District.

8. Partsites provides ecommerce original equipment ("OE") parts and accessories solutions for the automotive industry.  Authorized Toyota dealers/franchisees may utilized Partsites' products and/or services to offer for sale authorized, authentic Toyota parts to other businesses.

9. Partsites does not market, advertise, promote, provide, sell, offer or intend to offer any products and/or services under or through the domain names listed in paragraph 32 of the Complaint (hereinafter the "Accused Domains").

10. Partsites does not market, advertise, promote, provide, sell, offer or intend to offer any products and/or services utilizing any Toyota mark. Indeed Partsites, as an ecommerce provider, does not market, advertise, promote, provide, sell, offer or intent to offer any automotive parts or accessories at all. Partsites is a technology provider.

11. Rather, Partsites permits authorized Toyota dealers, including the Dealers, to utilize Partsites' platforms pursuant to various agreements between Partsites and the Dealers. One of the platforms that may be offered to authorized Toyota dealers is the use of certain domain names, including the Accused Domains, for the benefit of the authorized Toyota dealer.

12. Partsites does not derive any income or revenue from the sale of anything through the Accused Domains. Instead, Partsites is paid a monthly fee for use of the platform and/or domain name(s). This payment is made independent of the volume of sales achieved by the authorized Toyota dealer.

13. A copy of the agreement entered into by and between Partsites and each of the Dealers, individually, is annexed hereto as Exhibit A (the "Agreement").

14. Joseph Airport Toyota utilized or utilizes Toyota-Parts-Dealer.com, genuineoemtoyotaparts.com, onlinetoyotaparts.com, toyotapartsestore.com, 1sttoyotaparts.com, and Toyota.partswebsite.com.

15. Suburban Toyota utilized ToyotaPartsWebsite.com and ToyotaParts4Cheap.com as well as its official dealer website.

### COUNT I
### CONTRACTUAL INDEMNITY
### (As to Joseph Airport Toyota)

16. Partsites realleges and adopts paragraphs 1 through 15 above as if fully set forth herein.

17. Pursuant to the Agreement, Joseph Airport Toyota owes an indemnity to Partsites from all claims, liabilities, damages, and expenses (including reasonable attorneys' fees and expenses) arising out of or related to Joseph Airport Toyota's use of Toyota-Parts-Dealer.com, genuineoemtoyotaparts.com, onlinetoyotaparts.com, toyotapartsestore.com, 1sttoyotaparts.com, and/or Toyota.partswebsite.com.

18. Toyota Jidosha Kabushiki Kaisha d/b/a Toyota Motor Corporation and Toyota Motor Sales, U.S.A., Inc. have sued Partsites for damages relating to the use of Toyota-Parts-Dealer.com, genuineoemtoyotaparts.com, onlinetoyotaparts.com, toyotapartsestore.com, 1sttoyotaparts.com, and/or Toyota.partswebsite.com.

19. While Partsites believes that the civil action filed by Toyota Jidosha Kabushiki Kaisha d/b/a Toyota Motor Corporation and Toyota Motor Sales, U.S.A., Inc. is meritless, to the extent there is any merit to the civil action, Joseph Airport Toyota will owe an indemnity to Partsites for any and all damages related to Toyota-Parts-Dealer.com, genuineoemtoyotaparts.com, onlinetoyotaparts.com, toyotapartsestore.com, 1sttoyotaparts.com, and/or Toyota.partswebsite.com.

WHEREFORE, should this Court enter final judgment in favor of Toyota Jidosha Kabushiki Kaisha d/b/a Toyota Motor Corporation and/or Toyota Motor Sales, U.S.A., Inc. and against Partsites for monetary damages relating to the domains Toyota-Parts-Dealer.com, genuineoemtoyotaparts.com, onlinetoyotaparts.com, toyotapartsestore.com, 1sttoyotaparts.com, and Toyota.partswebsite.com and websites located thereat, Partsites requests this Court enter final judgment in its favor and against Joseph Airport Toyota for those same damages, together with interest and attorneys' fees, and costs, and for such other and further relief as the Court deems appropriate.

## COUNT I
## CONTRACTUAL INDEMNITY
## (As to Suburban Toyota)

20. Partsites realleges and adopts paragraphs 1 through 15 above as if fully set forth herein.

21. Pursuant to the Agreement, Suburban Toyota owes an indemnity to Partsites from all claims, liabilities, damages, and expenses (including reasonable attorneys' fees and expenses) arising out of or related to Suburban Toyota's use of ToyotaPartsWebsite.com and ToyotaParts4Cheap.com.

22. Toyota Jidosha Kabushiki Kaisha d/b/a Toyota Motor Corporation and Toyota Motor Sales, U.S.A., Inc. have sued Partsites for damages relating to the use of ToyotaPartsWebsite.com and ToyotaParts4Cheap.com.

23. While Partsites believes that the civil action filed by Toyota Jidosha Kabushiki Kaisha d/b/a Toyota Motor Corporation and Toyota Motor Sales, U.S.A., Inc. is meritless, to the extent there is any merit to the civil action, Suburban Toyota will owe an indemnity to Partsites for any and all damages related to ToyotaPartsWebsite.com and ToyotaParts4Cheap.com.

WHEREFORE, should this Court enter final judgment in favor of Toyota Jidosha Kabushiki Kaisha d/b/a Toyota Motor Corporation and/or Toyota Motor Sales, U.S.A., Inc. and against Partsites for monetary damages relating to the domains ToyotaPartsWebsite.com and ToyotaParts4Cheap.com and websites located thereat, Partsites requests this Court enter final judgment in its favor and against Suburban Toyota for those same damages, together with interest and attorneys' fees, and costs, and for such other and further relief as the Court deems appropriate

Dated: June 5, 2019                                    Respectfully submitted,

                                                        By:    */s/Daniel J. Barsky*
Vincent J. Allen
State Bar No. 45,514
allen@cclaw.com
James A. Reed
State Bar No. 24102398
jareed@cclaw.com
**Carstens & Cahoon, LLP**
P.O. Box 802334
Dallas, TX 75380
972-367-2001 (Telephone)
972-367-2002 (Facsimile)

- and -

Daniel J. Barsky, Esq.
Florida Bar Number 0025713
Admitted *Pro Hac Vice*
dbarsky@shutts.com
**Shutts & Bowen LLP**
200 S. Biscayne Boulevard
Suite 4100
Miami, Florida 33131
561-650-8518 (Telephone)
561-822-5527 (Facsimile)
***ATTORNEY FOR DEFENDANTS PARTSITES, LLC and SCOTT ANDERSON***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel for Plaintiffs was served with a copy of this document via the Court's CM/ECF system on June 5, 2019.

                                                      */s/ Daniel J. Barsky*
                                                       Daniel J. Barsky, Esq.